Voorham v Hicks-Voorham (2024 NY Slip Op 03869)

Voorham v Hicks-Voorham

2024 NY Slip Op 03869

Decided on July 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 18, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 154552/12 Appeal No. 2278-2279 Case No. 2023-04597, 2023-06421 

[*1]Markus A. Voorham, Plaintiff-Respondent,
v
Vanessa H. Hicks-Voorham, Defendant-Appellant.

Cohen Clair Lans Greifer & Simpson LLP, New York (Robert Stephan Cohen and Nicholas Ferris Cohen of counsel), for appellant.
Berkman Bottger Newman & Schein, LLP, New York (John Teufel of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered June 13, 2023, which, insofar as appealed from as limited by the briefs, granted defendant wife's motion for interim attorneys' fees in the amount of $60,000, unanimously affirmed, without costs. Order, same court and Justice, entered November 21, 2023, which, insofar as appealed from as limited by the briefs, granted the wife's motion for a second interim award of attorneys' fees in the amount of $40,000, unanimously affirmed, without costs.
We decline to disturb the two interim attorneys' fees awards as the court providently exercised its discretion in awarding the wife $100,000 in interim attorneys' fees without prejudice to further attorneys' fees applications (see Lennox v Weberman, 109 AD3d 703, 704 [1st Dept 2013]) and no exception is warranted to the general rule that the remedy for any perceived inequities in a pendente lite award is a speedy trial (see Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023]; Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]). There is an open question as to whether the organizational complexity of the husband's family business ultimately has any legal bearing on the equitable distribution portion of this matrimonial action. To the extent additional discovery revealed the existence of phantom shares, the court indicated its willingness to entertain future applications for legal fees. Moreover, there is neither evidence nor a finding by the motion court that the husband has attempted to unnecessarily prolong litigation, drive up the wife's legal fees, or create an uneven playing field for the parties.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 18, 2024